# LOOKOUT BANK *v.* AULL.

## (*Knoxville.*    October 2, 1894.)

1. BILLS AND NOTES. *Rights of bona fide holder.*

   The *bona fide* holder of a negotiable note, who acquired it in due course of trade, for value, before its maturity, and without notice of any condition affecting its delivery, can enforce it against a surety who signed and placed it in the hands of the principal, perfect upon its face, upon an express collateral agreement, which was never complied with or waived, that it should not be delivered to the payee until it had been signed by another designated person.

   Cases cited and approved: Merritt *v.* Duncan, 7 Heis., 156; Jordan *v.* Jordan, 10 Lea, 124; Perry *v.* Patterson, 5 Hum., 132.

2. SAME. *Same. Note payable to bank cashier.*

   A note discounted for a bank, with its funds, but made payable to its cashier, is the property of the bank, upon which it can, without the cashier's indorsement, maintain suit in its own name with the same advantages as if the note had been made payable to the bank.

   Cases cited and disapproved: 20 Vt., 666; 4 Dev. & B., 274.

3. SAME. *Same. Payee protected as bona fide holder.*

   The payee of a note will be protected as a *bona fide* holder to the same extent and under like conditions as an indorsee.

   Case cited and approved: Jordan *v.* Jordan, 10 Lea, 134.

4. SAME. *Same. Taken for pre-existing debt.*

   A note is not given for a pre-existing debt in such sense as to let in defenses against a *bona fide* holder who acquired it before maturity, where it is accepted in renewal and satisfaction of an older note with different sureties.

Lookout Bank v. Aull.

Cases cited and approved: Nichol v. Bate, 10 Yer., 429; Cherry v. Frost, 7 Lea, 1; Jordan v. Jordan, 10 Lea, 134.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

J. A. CALDWELL for Bank.

CLIFT & CANTRELL for Aull.

BEARD, J. The bill in this cause was filed, seeking a decree against Aull and Clift, who were sureties of one O'Brien on a note of $3,000, payable six months after date to the order of "J. O. Rice, Cashier." The defendants resist recovery upon the ground that this note was signed by them as sureties upon the distinct agreement with their principal, O'Brien, that he would not deliver it to the payee until he had one Baskett to sign it as co-surety with them, and that, in disregard of this agreement, and without their knowledge or consent, it was turned over to the payee, who accepted it in payment of a pre-existing debt. These defenses are made out by the evidence in the record. At the same time, it affirmatively appears that complainant accepted the note sued on without any notice of the facts thus relied on by de-

fendants. A decree was pronounced against the sureties, and they have appealed.

The case rests on the question, Was complainant the *bona fide* holder of this note for value, before maturity, and in due course of trade? If so, then the decree of the Chancellor must be affirmed.

It is settled that a note, though negotiable in form, signed by a surety and placed in the hands of another party, upon condition that it is not to be delivered to the payee until some other person shall sign it, is an escrow, and, as to the original parties or the payee taking it with notice of such condition, remains an escrow, and, as such, is not enforcible against this surety. *Perry* v. *Patterson*, 5 Hum., 132.

It is equally well settled that such a note will become a valid and enforcible obligation of the surety imposing the condition when it passes from the party holding it in escrow into the hands of a *bona fide* holder for value, in due course of trade, and before maturity. *Merritt* v. *Duncan*, 7 Heis., 156; *Jordan* v. *Jordan*, 10 Lea, 124.

*First.*—It is insisted complainant is not such a holder, because the note is payable to "J. O. Rice, Cashier," and is not indorsed by him to complainant. While this is the condition of this note, yet the record shows the payee to have been the cashier of complainant bank at the time the note was taken, as well as when this suit was brought; that the bank's money was the consider-

ation for it, and that it was from the beginning the bank's property.

There are old cases holding, in such a case, the bank could not sue in its own name on such a note without an indorsement of it by the payee. *Bank of United States* v. *Lyman,* 20 Vt., 666; *Horah* v. *Long,* 4 Dev. & B., 274. But the authority of these cases has been overthrown, and the consensus of judicial opinion now is that such a note, executed under the conditions just stated, is, upon delivery, *ipso facto* the property of the bank, and can be sued upon without indorsement. 1 Randolph on Commercial Paper, Secs. 133, 157; 2 Daniel on Notes and Bills, Sec. 1189.

*Second.*—It is further insisted that, as the note sued on is the property of the payee, the rule protecting the title of a *bona fide* holder of negotiable paper does not apply, the argument being that the rule can only be invoked by some one holding after the instrument has passed from the payee to an indorsee for value. .This contention, however, is unsound, as is held in *Jordan* v. *Jordan,* 10 Lea, 134.

*Third.*—Finally, it is urged the note was taken for a pre-existing debt.

The paper in question was a renewal, and was the last of a series of six-months' notes, for the same amount, covering a period of five years. According to the testimony of defendant, Aull, the note, of which the present is the renewal, was, upon the execution of this one, surrendered

by the bank to O'Brien. On this surrendered note were the names of Clift, Baskett, and Albright as sureties. The present note has upon it the names of Clift and Aull as sureties. The present note extinguished the older one, thereby releasing Baskett and Albright. We hold that while the original consideration ran through the various renewal notes into the present one, yet the surrender and extinguishment of the older note, and the consequent release of Baskett and Albright, makes complainant the *bona fide* holder for value of this note now sued on. *Nichol* v. *Bate*, 10 Yerg., 428; *Cherry* v. *Frost*, 7 Lea, 1; *Jordan* v. *Jordan*, 10 Lea, 134.

The decree of the Chancellor is affirmed.