FARMERS' & MERCHANTS' BANK *v.* BANK OF RUTHER-
FORD.

(*Jackson.* April Term, 1905.)

1. **BANKS AND BANKING.** Negligence in drawee bank to pay
forged check, when.

   It is negligence in a drawee bank to pay a forged check drawn on
   it in the name of its customer, whose signature is well known
   to it, where the cashier does not examine the signature closely,
   but relies on the previous indorsements. (*Post, pp.* 66, 70, 71.)

2. **SAME.** Check payable to a certain person or bearer need not
be indorsed, nor need the holder be identified, and no negli-
gence for failure to require identification.

   A check payable to a certain named person, or bearer need not
   be indorsed, nor need the holder thereof be identified, and a
   bank paying such check without identification of the holder is
   not negligent, though the bank, in compliance with its custom,
   required it to be indorsed. (*Post, p.* 69.)

3. **BILLS AND NOTES.** Indorsement does not warrant to
drawee the genuineness of drawer's signature, but only to sub-
sequent holders.

   The indorser of negotiable paper does not, by his indorsement,
   warrant to the drawee the genuineness of the signature of the
   drawer, but his indorsement extends such warranty only to sub-
   sequent holders in due course of trade. (*Post, p.* 70.)

4. **BANKS AND BANKING.** Drawee bank paying forged check
is estopped to deny genuineness of signature of drawer as
against a prior indorser.

   Where the drawee bank received and paid a forged check,
   which had been previously honored and indorsed by other
   banks, and held it for thirty days or more, it thereby admitted
   the same to be correct, and it is precluded and estopped to deny

Bank v. Bank.

the genuineness of the signature, or as against a prior indorser, to avoid the effect of its act in accepting the check and paying it.  (*Post, p.* 67.)

Case cited, distinguished, and disapproved:  Bank v. Bank, 88 Tenn., 299.

5.  **BILLS AND NOTES.** Holder of negotiable instrument defined.

The holder of a negotiable instrument is the payee or indorsee who is in possession, or the bearer.  (*Post, p.* 71.)

Acts cited and construed:  1899, ch. 94, sec. 52.

6.  **BANKS AND BANKING.**  Drawee by accepting check becomes a guarantor thereof.

The drawee of a check, by accepting the same, makes himself the guarantor thereof.  (*Post, p.* 71.)


FROM GIBSON.


Appeal from the Chancery Court of Gibson County.—JOHN S. COOPER, Chancellor.

W. S. COULTER, for complainant.

DEASON, RANKIN & ELDER, for defendant.


MR. JUSTICE WILKES delivered the opinion of the Court.

The bill was filed by complainant bank against the defendant bank to recover from it the amount of a

forged check, which was drawn on complainant bank, for $54.75, and, after being indorsed by the defendant bank and others, was presented to, and paid by, complainant bank.

The check was in the words and figures following:

"Dyer, Tenn., Octo. 28, 1903.

"Farmers' & Merchants' Bank:

"Pay to J. L. Freeman, or bearer, fifty-four 75-100 dollars. For cotton.

"JOHNSTON MERC. CO."

The ground upon which the recovery was sought was that the Bank of Rutherford was negligent in cashing this check for a stranger without identification, and thereafter indorsing it, so as to give it circulation, and to mislead complainant bank, the payee, to presume it was genuine, and pay it to the holder.

The check, after being indorsed in the name of J. L. Freeman, was cashed by the Bank of Rutherford, and indorsed by it, and passed to the Jackson Banking Company, then to the St. Louis Trust Company, Continental National Bank of Chicago, and Fourth National Bank of Nashville, and by the latter bank was sent by mail to complainant as the drawee bank, and paid by it. The complainant bank at the time of payment wrote or stamped on its face the words: "Paid Nov. 7, 1903. Farmers' & Merchants' Bank, Dyer, Tenn."

The cashier of complainant bank states that, when the check was presented for payment, he did not examine the signature closely, and, if he had, he would

Bank v. Bank.

have detected that it was a forgery, but that he was thrown off his guard by the indorsements of the defendant bank and others.

It held the check, thus cashed and marked "Paid," some thirty days, when the forgery was discovered, whereupon it entered up a credit upon the account of the mercantile company to balance the charge made against it when it was paid, and thereupon brought suit against the Bank of Rutherford for the amount of the check.

The chancellor gave judgment for the amount, and the Bank of Rutherford has appealed and assigned errors.

It is insisted that the case is governed by the principles announced in *People's Bank* v. *Franklin Bank,* 88 Tenn., 299, 12 S. W., 716, 6 L. R. A., 724, 17 Am. St. Rep., 884.

In that case it was held that a bank that negligently cashed a forged check, purporting to be drawn upon another bank, and had upon its indorsement of such check received payment of the drawee bank, is liable for the amount paid by it upon discovery that the check is forged, and the fact that the indorser bank is unable to give the name of the person who presented the forged check, to whom it was paid, or to positively identify such person, is sufficient evidence of negligence to make it liable, and that the drawee bank will not be precluded from recovery by the fact that, relying upon the

indorsement of the indorsing bank, it paid the check without investigation as to its genuineness.

If this case is not distinguishable from that in some essential feature, and that is affirmed as sound, it must be considered as determinative of the present case.

As an original proposition we would not assent to the correctness of *People's Bank* v. *Franklin Bank,* and think the great weight of authority is against it, and that it is contrary to one of the most important rules regulating the law of negotiable instruments, to wit, that the drawee of the check should be held to know the signature of its customers, and to pay only such paper as has a genuine signature.

But we think there are two important distinctions between *People's Bank* v. *Franklin Bank* and the present case.

The first is that in that case the payment was made direct by the drawee bank to the bank that negligently cashed the check, and, after indorsing it, put it in circulation, and, as against the indorsing bank, there was no consideration received by the drawee bank, while in the present case the check had passed through a number of hands, and had been paid, not to the alleged negligent bank, but to the Nashville bank.

In the present case the drawee bank is not suing the Nashville bank, from which it received the check, and to whom it paid the money, but is suing a remote indorser, with whom it had no transaction, except as a remote indorser.

In other words, the Rutherford bank received none of the money of the complainant bank, but it received the amount of the check from the Jackson Banking Company. It is the Nashville bank which has received the money of the complainant bank for the worthless paper cashed by it.

In addition, the check in *People's Bank* v. *Franklin Bank* was payable to the order of Morgan, and was indorsed in the name of Morgan; the indorsement being also a forgery. In order to cash this check, it was necessary that it be indorsed by Morgan, and that he should be identified; and it was incumbent on the bank, when it cashed it, to see that the indorsement was made, and that it was genuine.

But in the present case the check was payable to Freeman, or bearer. It was not necessary to be indorsed at all, and was indorsed, as the proof shows, simply as a compliance with the custom of the Rutherford bank. It was not only not necessary that it should be indorsed, but it was not necessary that Freeman, the holder, should be identified, and hence it was not negligence in the bank to fail to have him identified, and it was a *bona fide* holder, if it paid to bearer, with or without indorsement.

In *People's Bank* v. *Franklin Bank* identification and a genuine indorsement were not only material, but absolutely necessary, and a failure to require them was negligence. In the present case neither indorsement

nor identification was necessary, and a failure to require them was not negligence.

Liability in *People's Bank* v. *Franklin Bank* is predicated upon negligence, which does not exist in the present case.

On an examination of the record we are not able to find any negligence on the part of the Rutherford bank, while that of the complainant bank is apparent and glaring; and, if a comparison is allowable, the negligence of the drawee bank was much the greater.

The mercantile company was its customer, and had been for years. Its place of business was next door to the complainant bank. Its signature was well known to complainant bank. The cashier says he did not examine the signature closely, or he would have easily have detected the forgery.

On the other hand, there was nothing to excite the suspicion of the Rutherford bank. It was a common cotton check, such as was usual and common in every day transactions; and, being payable to bearer, it was not necessary to identify the holder when it was cashed.

We are of opinion that the indorser of negotiable paper does not warrant to the drawee the genuineness of the signature of the maker, but such warranty only extends to subsequent holders in due course of trade. The drawee of the check is the party to pass upon the genuineness of the signature of the drawer.

This is the rule, we think, by the law merchant and by the negotiable instrument law. It is the rule laid

down in New York, upon whose statute our negotiable instrument law is based, and of which it is substantially a copy; and, in construing the negotiable instrument law, it has been said by this court in *Unaka Bank* v. *Butler*, 113 Tenn., 574, 583, 83 S. W., 657, that great weight should be given to the decisions of New York.

In this case the complainant bank received and paid the check, thereby admitting the check to be correct, and held it for thirty days or more, and it is precluded and estopped to deny the genuineness of the signature, or to avoid the effect of its act in accepting the check and paying it.

The indorser of a check does warrant and guaranty the genuineness of the check to all subsequent holders in due course; but the drawee is not a holder in due course.

A holder in due course is defined, in section 52, p. 150, of the negotiable instrument act (Acts 1899, c. 94), and the definition does not embrace the case of a drawee.

A holder means a payee or indorsee who is in possession, or the bearer. Acts 1899, p. 139, c. 94.

The drawee, when he accepts the check, makes himself the guarantor thereof.

The liability of an indorser only arises when the necessary proceedings on dishonor are taken; but this feature of the law is not presented in this case.

Without commenting further upon the several points raised by counsel, we are of opinion that the complain-

ant bank has no right in law, or in equity and good conscience, to recover from the defendant bank the amount of this check, and the chancellor was in error; and his decree is reversed, and the suit is dismissed, at cost of complainant.