Peevey v. Buchanan.

PEEVEY *v.* BUCHANAN *et ux.*

(*Nashville.* December Term, 1914.)

1. **APPEAL AND ERROR.** Review. Facts. Decision of Inter-
mediate court.

The concurrence of the chancellor and the court of civil appeals
as to a question of fact does not bind the supreme court, where
the court of civil appeals took an erroneous view of the burden
of proof. (*Post, pp.* 28, 29.)

Case cited and approved: State, ex rel., v. Lee, 124 Tenn., 385.

2. **ALTERATION OF INSTRUMENTS.** Notes. Burden of proof.

In an action on a note, where the defendants interposed a special
plea of *non est factum* on the ground of alteration, the burden of
proof is on the defendants if the alteration does not show as
such on the face of the paper. (*Post, pp.* 29, 30.)

Laws cited and construed: Laws 1899, ch. 94.

Cases cited and approved: Carter v. Turner, 37 Tenn., 179;
Harding v. Heirs and Creditors of Waters, 74 Tenn., 324; Farns-
worth v. Sharp, 36 Tenn., 55; Holland v. Locke, 2 Shan. Tenn.
Cas., 28; Organ v. Allison, 68 Tenn., 459.

3. **ALTERATION OF INSTRUMENTS.** Notes. Burden of proof.

Where a printed clause in a note stating that interest was payable
at eight per cent. had been stricken out and provisions calling
for a similar rate had been inserted, one by interlineation and
the other at the end of a clause binding the separate estate of
the wife, the appearance of the note is so suspicious that the
burden is on the one relying thereon to show that it had not
been materially altered after execution. (*Post, pp.* 29, 30.)

4. **ALTERATION OF INSTRUMENTS.** Notes. Burden of proof. -
Statute.

Negotiable Instruments Law (Laws 1899, ch. 94), sec. 124, pro-
viding that where a negotiable instrument is materially altered
without the consent of all parties liable it is avoided except as

against a party assenting to the alteration and subsequent indorsers, but that a holder in due course not a party to the alteration may enforce payment according to its original terms, and section 125, specifying what are material alterations, including a change in the interest rate, do not change the rule that where the appearance of a note is suspicious the burden is upon those relying thereon to show that it has not been altered after execution. (*Post, pp.* 30, 31.)

Cases cited and approved: Stephens v. Davis, 85 Tenn., 271; Moss v. Maddux, 108 Tenn., 405; McDaniel v. Whitsett, 96 Tenn., 10; McVey v. Ely, 73 Tenn., 438; Taylor v. Taylor and Bloodworth, 80 Tenn., 714; Deering Harvester Co. v. White, 110 Tenn., 132.

5. **ALTERATION OF INSTRUMENTS. Notes. Effect.**

Notwithstanding the adoption of Negotiable Instruments Law, sec. 124, providing that an instrument which has been materially altered but is in the hands of a holder in due course may be enforced by him according to its original terms, a note which has been materially altered so as to require payment of interest is void in the hands of the original payee, and no action can be maintained thereon. (*Post, pp.* 30, 31.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —JOHN ALLISON, Chancellor.

C. N. BRYAN, for appellant.

R. L. KENNEDY, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The suit was brought upon a note of $318.60, signed by defendants, of which the following is a literal copy:

Birmingham, Ala., 10/22/1908. $318.60.

On the 1st day of September 1909, without grace, for value received, we promise to pay to the order of Hinds Peevey .... three hundred eighteen and 60/100 .... dollars *with interest* 8% in United States gold coin of present standard weight and fineness, at the People's Savings Bank and Trust Co., Birmingham, Ala., at 8% interest from date. [And I Sallie G. Buchanan, wife of R. G. Buchanan, do hereby expressly bind my separate estate for the payment of this note] and interest 8%.

The makers and endorsers of this note hereby expressly waive all right to claim exemption allowed by the constitution and laws of this or any other State and agree to pay cost of collecting this note, including reasonable attorney's fees, for all services rendered in any way, in any suit against any maker or endorser, or in collecting or attempting to collect, or in securing or attempting to secure, this debt, if this note is not paid at maturity. Notice and protest, on the nonpayment of this note is hereby expressly waived by each maker and endorser.

R. G. Buchanan.

Sallie G. Buchanan.

The note consisted of a printed form filled in. The words and figures which we have italicized were in-

terlined with ink in the original note. Those through which a line is run were a part of the original printed note, and were so erased before signing. Those within brackets were written in a blank space left for filling in. Those after the brackets, "and interest 8%," are words and figures which defendants claim were added after signing along with the words and figures interlined, "with interest 8%." The brackets are not in the original note.

The defendants filed a special plea of *non est factum,* averring that the words and figures, "with interest 8%," also the words and figures, "and interest 8%," were interlined after the delivery of the note, and without their knowledge or consent. The depositions of defendants were read fully sustaining the plea. The complainant filed his deposition in which he denied the alteration, and stated that the note as it now appears was delivered to him by the defendants. The defendants stated one fact which is not denied by complainant. That is to say, that when they executed the note in question they owed to complainant $295, as a balance on a prior note; that complainant offered by letter to carry this balance for another year if defendants would agree to include interest at eight per cent. in the face of the note, and make it a part of the principal; that this was agreed to, and the note was accordinlgy drawn for $318.60, which included $23.60, the interest at eight per cent. for one year. The testimony of both parties is to the purport that the erasure and all interlineations were in the note at its execution, except the

words and figures "with interest 8%," and the words. and figures, "and interest 8%." With the matter just quoted, the note is made to bear eight per cent. from date, in addition to the interest at eight per cent. counted up and already included in the principal sum, thus apparently causing the defendants to contract to pay sixteen per cent. per annum on the loan. When complainant forwarded this note from Birmingham, Ala., to Nashville, Tenn., for collection, he sent with it a draft for $343.08, covering the face of the note, $318.60, and interest at eight per cent. for the year. As soon as the note and draft were presented to defendants, they declined to pay, declaring that an alteration had been made after signing by the addition of the interest clauses above mentioned.

The chancellor decreed in favor of complainant, and on appeal to the court of civil appeals that court affirmed his decree except as to the defendant Mrs. Buchanan, dismissing as to her on the ground of coverture, but without prejudice to complainant's right to institute a new proceeding addressed alone to subjecting her separate estate.

The petition for the writ of *certiorari* to bring the case to this court was filed only by defendant R. G. Buchanan. So the case is not before us as to Mrs. Buchanan.

There was a concurrence between the chancellor and the court of civil appeals on the question of fact as to the alleged alteration, and the rule is that a concurrence on a question of fact binds this court. *State ex*

*rel.* v. *Lee,* 124 Tenn., 385, 126 S. W., 997. But this rule does not apply where the opinion of the court of civil appeals discloses that that court in its consideration of the facts took an erroneous view of the burden of proof.

Such is the present case, the court of civil appeals having held that the burden of proof was on the defendants to show that the alteration was not made before the execution of the note. Such, indeed, is the rule where the plea of *non est factum* is special (*Carter* v. *Turner,* 5 Sneed [37 Tenn.], 179; *Harding* v. *Heirs and Creditors of Waters,* 6 Lea [74 Tenn.], 324), and the alteration does not show as such on the face of the paper. The plea in the case before us is special, it is true, and the rule just stated would apply but for the fact that the paper presents a suspicious appearance on its face, in the following particulars: A printed clause providing for interest from date at eight per cent. was erased, while the same thing in different words was written in the face of the note at two other places, one the interlineation "with interest 8%," and the words and figures, and interest 8%," at the end of the provision binding the separate estate of the wife. When a note sued on presents a suspicious appearance, the rule is that the burden rests on the party offering the paper to account for its condition in a manner consonant with good faith on his part. *Farnsworth* v. *Sharp,* 4 Sneed (36 Tenn.), 55; *Holland* v. *Locke,* 2 Shan. Tenn. Cas., 28; *Organ* v. *Allison,* 9 Baxt. (68 Tenn.), 459, 465; Dan. Neg. Inst. (7th Ed.),

section 1417. In Joyce on Defenses to Commercial Paper, the rule is thus correctly stated:

"Where it is apparent on the face of an instrument that it has been altered, a *prima facie* presumption arises that the alteration was made after the instrument was executed, and the burden is held to be on the holder to show the contrary. If, however, the alteration is not apparent upon the face of the instrument, the burden then rests on the one who sets up such alteration as a defense." Id. section 136.

The learned court of civil appeals was of the opinion that this rule was changed by our Negotiable Instruments Law (Laws 1899, ch. 94). We cannot concur in this view. There is nothing in that law on the subject except what appears in sections 124 and 125. The latter specifies what are material alterations, and among them a change in the interest rate. The former reads:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers.

"But where an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof, according to its original term."

It was formerly held that material alterations without the consent of the parties to be bound thereby made the instrument void as to them, even in the hands of

an innocent holder. *Stephens* v. *Davis,* 85 Tenn., 271,
2 S. W., 382; 2 Dan. Neg. Inst. (7th Ed.), section 1413;
Joyce, Defenses to Commercial Paper, section 135. But
it is seen that under the Negotiable Inst. Law, supra,
the rule has been so changed as to permit innocent hold-
ers to enforce payment of the note according to its
original tenor. It is perhaps needless to add that as
to all other persons the rule still is that the instrument
as the result of the fraudulent alteration is simply void,
and of course cannot support an action. *Moss* v. *Mad-
dux,* 108 Tenn., 405, 67 S. W., 855; *McDaniel* v. *Whit-
sett,* 96 Tenn., 10, 33 S. W., 567; *McVey* v. *Ely,* 5 Lea
(73 Tenn.), 438; *Taylor* v. *Taylor and Bloodworth,*
12 Lea (80 Tenn.), 714; *Deering Harvester Co.* v.
*White,* 110 Tenn., 132, 72 S. W., 962. In the case we
have in hand it appears that the complainant is one
of the original parties to the paper, the payee, and it
must necessarily be held that the instrument is void
in his hands, if there was an alteration in the legal
sense; that is, a fraudulent material change in the
terms of the note. We are of the opinion that the
complainant has failed to sustain the burden of proof
imposed upon him by law, and has not therefore re- ·
moved the presumption against the note. We must
therefore hold that there was a fraudulent alteration
of the note, and that it was thereby rendered void.

It results that the judgment of the court of civil
appeals as to petitioner R. G. Buchanan must be re-
versed, and the bill dismissed, with all of the costs of
the cause.