LAFAYETTE BRANCH *et al. v.* HATTIE BRANCH.*

(*Nashville.* December Term, 1920.)

1. **EVIDENCE.** Certified copy of deed admissible when original deed in possession of adverse party.

Parties suing to recover land conveyed to their deceased mother had a right to rely on a certified copy of the deed taken from the register's books, as evidence of their title, where the original deed was in defendant's possession. (*Post, pp.* 212, 213.)

Cases cited and approved: Saunders v. Harris, 24 Tenn., 345; Sampson v. Marr, 66 Tenn., 486.

2. **ALTERATION OF INSTRUMENTS.** Alteration of deed recorded as altered presumed made before delivery.

When an altered deed has been registered as altered, the alterations are presumed to have been made before delivery, especially where parties claiming under the deed did not have possession of it and relied on a certified copy, which, under Thompson's Shannon's Code, section 3748, is to be received as evidence subject to be impeached and proved to be a forgery or otherwise inoperative. (*Post, pp.* 213-215.)

Case cited and approved: Peevey v. Buchanan, 131 Tenn., 24.

Case cited and distinguished: Tate v. Lawrence, 58 Tenn., 503.

Code cited and construed: Sec. 3748 (T.-S.).

## FROM SHELBY.

---

*On admissibility of record, or copy of record, or deed, to prove deed under which party offering it claims, see note in 19 L. R. A. (N S.), 438.

Appeal from the Chancery Court of Shelby County.—

HON. F. H. HEISKELL, Chancellor.

ED. G. BELL, for appellant.

D. H. HUDSON, and EDGAR WEBSTER, for appellees.

MR. JUSTICE GREEN, delivered the opinion of the Court.

According to a deed of record in the office of the register of Shelby county, W. F. Taylor and wife on November 17, 1888, conveyed to Fannie Branch a tract of land in said county. The deed was filed for record December 1, 1888.

Fannie Branch was the wife of William Branch. She died several years ago, William Branch surviving her. Later he married the defendant Hattie Branch, and then died leaving the defendant as his widow.

The complainants herein are children of William Branch and Fannie Branch, the first wife.

William Branch and Fannie Branch possessed and cultivated the tract of land above referred to as long as she lived. After her death William Branch kept the land, and Hattie Branch, the second wife and his widow, is now in possession of the land claiming it for her homestead and dower, on the theory that it belonged to her husband.

The complainants filed this suit to recover the land, alleging that it was the property of their mother, that their father was entitled to the possession of it during his lifetime as tenant by the courtesy, but that upon his

death they became entitled to the land as heirs of their mother.

The defendant Hattie Branch answered and admitted that the deed of Taylor and wife as recorded showed a conveyance of this property to Fannie Branch. She averred, however, that the original deed conveyed said property to William Branch, and that it was changed after delivery and before registration. The original deed was introduced in evidence, and considerable proof was taken. The chancellor decreed for the complainants and the defendant has appealed to this court.

It would not be worth while to undertake a description of the appearance of the original deed. Manifestly, it has been altered. From the face of the paper we cannot tell whether these alterations were made before delivery or after delivery. Neither is the proof satisfactory. The parties are negroes, as are nearly all the witnesses. Only one witness is introduced who claims to have been present at the time of the execution of the deed. At that time he was a little negro boy twelve years old.

The case, therefore, will have to turn on the presumption to be entertained regarding the time at which these alterations in the deed were made.

On the question as to when alterations apparent on the face of an instrument are presumed to have been made, whether before or after delivery, the authorities are said to be in irreconcilable conflict. 2 C. J., 1273; 1 R. C. L., 1041.

In the case before us the complainants were not in possession of the original deed. It was produced by the de-

fendant during the taking of the proof. The complainants therefore had a right to rely on a certified copy of this deed taken from the register's books as evidence of their title. *Saunders* v. *Harris,* 5 Humph., 345, *Sampson* v. *Marr,* 7 Baxt., 486.

Section 3748 of Thompson-Shannon's Code is as follows: "Any of said instruments so proved or acknowledged and certified and registered, shall be received as evidence in any of the courts or judicial tribunals of the State, subject, nevertheless, to be impeached and proved to be a forgery, or to be otherwise inoperative, if the fact be so."

The certified copy, therefore, was sufficient for the complainants' case herein until it was "impeached and proven to be a forgery," etc.

So in this particular case the presumption was in favor of the deed as registered, and it was incumbent upon the defendant to show that the alterations appearing on the instrument were made after delivery.

Moreover, we think that the presumption, as a matter of public policy, must always be in favor of the *bona fides* of a deed as it is registered.

In *Peevey* v. *Buchanan,* 131 Tenn., 24, 173 S. W., 447, it is said that alterations upon the face of a note will be presumed to have been made after delivery. This case deals with a promissory note sued upon. It is said in 2 Corpus Juris, 1277, that the cases take a distinction between deeds and negotiable instruments as to the presumption in regard to the time of apparent alterations. Some of these cases appear to be well reasoned and the distinction taken to rest on a sound basis.

It would prolong this opinion too much to undertake a review of the authorities generally.

The question before us is: What presumption should be indulged with reference to alterations appearing on a deed that has been recorded as altered?

"The objects of our registration laws were to preserve the muniments of title—to perpetuate the evidence of their valid execution—to give to the community notices of the changes in the ownership of property." *Tate* v. *Lawrence,* 11 Heisk., 503, 511.

As an ordinary thing people do not now preserve their deeds and evidences of title. They register these instruments and rely on the records as memorials of their title almost altogether.

Delivery and registration of title papers are usually contemporaneous. Delivery is frequently made by registration alone. There is little opportunity for fraud between delivery and registration.

We think, therefore, as a matter of public convenience and safety, we must presume, when an altered deed appears to be registered as altered, such altered instrument expresses the true intention of the parties and that such alterations were made before delivery.

Otherwise, under our prevailing course of business, when little attention is paid to the preservation of registered instruments, such papers might readily be picked up and mutilated, and those who have rested for years on the security of recorded titles be put to serious inconveniences. After the lapse of years, as in this case, it would frequently be impossible for one with record evidence of title to

land to prove when alterations in title papers were actually made. A presumption that alterations in such documents were made after delivery, and before registration, and that the recorded instrument was invalid, would be contrary to the whole policy of our registration laws.

For the reasons stated, the decree of the chancellor is affirmed.