Snyder v. McEwen.

## ADAM SNYDER *et al. v.* H. A. McEWEN.*

### (*Knoxville.* September Term, 1923.)

1. **BILLS AND NOTES.** Holder in due course. not party to alteration, may recover.

   Under Negotiable Instruments Act, section 124, the holder in due course of an altered note, who is not a party to the alteration, may recover according to the original tenor. (*Post, pp.* 421-424.)

   Cases cited and approved: Moss v. Maddux, 108 Tenn., 405; Stephens v. Davis, 85 Tenn., 271; Peevey v. Buchanan, 131 Tenn., 24; Fox v. Cortner, 145 Tenn., 482; Liberty Trust Co. v. Tilton, 217 Mass., 462; Vander Ploeg v. Van Zuuk, 135 Iowa, 350; Bank v. Bank, 115 Tenn., 64; Figuers v. Fly, 137 Tenn., 358; Jordan v. Jordan, 78 Tenn., 124; Lookout Bank v. Aull, 93 Tenn., 645.

   Code cited and construed: Secs. 3516a 123, 3516a 51, 3516a 29, 3516a 189 (T.-S.).

2. **STATUTES.** Change of pre-existing law further than expressly declared not presumed.

   Statutes are not presumed to change pre-existing law further than expressly declared. (*Post, pp.* 424, 425.)

3. **STATUTES.** Construed as near to rule and reason of common law as may be.

---

*On payee as holder in due course under the Negotiable Instruments Law, see notes in 15 A. L. R., 437; 21 A. L. R., 1365 and 26 A. L. R., 769.

For authorities discussing the question of payee as holder in due course within uniform negotiable instruments law, see notes in 13 L. R. A. (N. S.), 490 and L. R. A., 1915B, 144,

Statutes are to be construed as near to the rule and reason of the common law as may be. (*Post, pp.* 424, 425.)

4. **BILLS AND NOTES.** Payee may be holder in due course under Negotiable Instruments Act.

In view of the requirement that statutes be construed as near to the rule and reason of common law as may be, and the presumption that pre-existing laws are not changed further than expressly declared, the payee of a note may be a holder thereof in due course, as defined in Negotiable Instruments Act (Thompson-Shannon Code, section 3516a51), and therefore entitled to recover, notwithstanding a material alteration made without his knowledge, against persons indorsing note before delivery. (*Post. pp.* 424, 425.)

FROM  WASHINGTON

Appeal from the Circuit Court of Washington County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. D. A. VINES, Judge.

DIVINE & GUINN, for Snyder & others.

GEO. N. BARNES and FRED M. LEWIS, for McEwen.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover on a promissory note against the maker and several indorsers thereof. The indorsements were made before delivery for the accommodation of the maker. There was evidence tending to show that the maturity and the amount of the note were

changed after indorsement and before delivery by the maker without the knowledge of the indorsers. The evidence did not indicate that the payee had any knowledge of these alterations.

The trial judge in substance instructed the jury that such alterations in the note would avoid it as to the indorsers, unless the payee took the note as a holder in due course, in which event he might recover according to the original tenor of the note.

There was a verdict and judgment for the plaintiff below, which judgment was affirmed by the court of civil appeals, and the case is before us on petition for *certiorari*.

It is insisted by the plaintiffs in error that the payee of a note, under the negotiable instruments statute, cannot be a holder in due course, and that the trial judge erred in assuming this to be the law and so charging the jury.

Prior to the Negotiable Instruments Act (chapter 94 of the Acts of 1899) such material alterations would have rendered the note void and uncollectible as against parties not assenting thereto, even in the hands of a holder in due course. *Moss* v. *Maddux,* 108 Tenn., 405, 67 S. W., 855; *Stephens* v. *Davis,* 85 Tenn., 271, 2 S. W., 382.

Section 124 of the Negotiable Instruments Act, however, is as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alterations, and subsequent indorsers. But where an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof,

according to its original term [tenor]." Thompson's-Shannon's Code, section 3516a123.

Under the law, therefore, as it is now written, a holder in due course, not a party to the alteration, may recover according to the original tenor of the note. *Peevey* v. *Buchanan,* 131 Tenn., 24, 173 S. W., 447. The last word of the section quoted, "term," is obviously intended for "tenor."

It becomes necessary in this case to determine whether the payee of a note can be a holder in due course under the negotiable instruments statute. Unless the payee here is a holder in due course, under the statute, he cannot have judgment against indorsers innocent of the alteration. His right to recover must be based on the statute.

As we noted in the late case of *Fox* v. *Cortner,* 145 Tenn., 482, 239 S. W., 1069, 22 A. L. R., 1341, there is a great conflict of decision as to whether the payee of a note under the negotiable instruments statute may be a holder in due course.

The leading American case asserting this right for the payee under the statute is *Liberty Trust Co.* v. *Tilton,* 217 Mass., 462, 105 N. E., 605, L. R. A., 1915B, 144.

The leading American case denying such right in the payee of a note under the statute is *Vander Ploeg* v. *Van Zuuk,* 135 Iowa, 350, 112 N. W., 807, 13 L. R. A. (N. S.), 490, 124 Am. St. Rep., 275.

Quite a number of the courts of this country have passed on this question, and they seem rather equally divided. The cases are collected in notes, 21 A. L. R., 1365, and 15 A. L. R., 437.

By the statute a holder in due course is defined as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was over-due, and without notice that it had been previously dishonored, if such was the fact;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument, or defect in the title of the person negotiating it."

Thompson's Shannon's Code, section 3516a51.

The controversy grows out of the meaning of the verb "negotiate" as it is used in subsection 4, quoted just above.

In support of the conclusion that the payee cannot be a holder in due course, it is said that a note is issued, not negotiated, to the payee; that the act preserves a distinction throughout between the issuance of an instrument and its negotiation; that a note cannot be negotiated until after it has been issued; that it must be issued and become an existing obligation before it is subject to negotiation.

In support of the conclusion that the payee may be a holder in due course, it is said that the word "negotiate" has a broader meaning, and may include the passing of an instrument to the payee, and section 30 of the statute is referred to, providing that—"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof." Thompson's Shannon's Code, section 3516a29.

And in the act it is said that—"Holder means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." Thompson's Shannon's Code, section 3516a189, subsec. 7.

In *Bank* v. *Bank,* 115 Tenn., 64, 88 S. W., 939, this court said that the payee might be a holder of a note, and from the connection in which the word "holder" was used it would seem that the court meant that the payee might be a holder in due course. As noted, however, in *Fox* v. *Cortner,* supra, this statement in *Bank* v. *Bank* was made in the argument of the opinion, and could scarcely be considered as one of the points decided in the case.

In *Figuers* v. *Fly,* 137 Tenn., 358, 193 S. W., 117, it was declared that the payee of negotiable instrument might be a holder in due course under the statute, and *Liberty Trust Co.* v. *Tilton,* supra, and other cases were cited for the proposition. The court, however, did not notice the conflict of authority upon this question, and what was said in *Figuers* v. *Fly* was possibly not necessary to the decision in that case.

But before the enactment of the Negotiable Instruments Law, in two well-considered opinions, this court adjudged that the payee of negotiable instrument might be a holder in due course. *Jordan* v. *Jordan,* 78 Tenn. (10 Lea), 124, 43 Am. Rep., 294; *Lookout Bank* v. *Aull,* 93 Tenn., 645, 27 S. W., 1014, 42 Am. St. Rep., 934.

So that prior to the statute the law was well settled in Tennessee that the payee might be a holder in due course.

We feel some hesitation in undertaking to decide, as an original proposition, whether under the Negotiable Instruments Act, properly construed, the payee may be a holder in due course. Such eminent jurists are arrayed on the two sides of this controversy as to make us slow in passing on the merits of the respective contentions.

All hope for a uniform construction of this section of the statute has now become vain, and we may as well apply ordinary rules of statutory interpretation. In this particular, the meaning of the statute is certainly doubtful, and statutes are not presumed to change pre-existing law further than they expressly declare. They are to be construed as near to the rule and reason of the common law as may be. In view of the decisions of this court before the statute, to say nothing of its expressions since the statute, we feel constrained, upon authority, to hold that the Negotiable Instruments Act did not change previous law, and that the payee of a note may be a holder thereof in due course.

Other questions arising in the case have been satisfactorily disposed of in an opinion of the court of civil appeals. This question was likewise well considered in the opinion of that court, but in order to settle it in this jurisdiction we thought it proper to discuss it ourselves.

The judgment of the court of civil appeals will be affirmed.