McDaniel v. Whitsett.

(*Nashville.* January 10, 1896.)

1. **BILLS AND NOTES.** *Material alteration.*

Alterations of a note, after its execution, are material and fraudulent and render it uncollectible, where the holder, for the purpose of increasing its negotiability and security, and without the consent of the maker, changes its terms so as to make it payable to "holder" instead of "order," and adds to the recital that it was given for land the retention of an express lien thereon. (*Post, pp. 11, 14, 15.*)

Cases cited and approved: Crockett v. Thomason, 5 Sneed, 344; Organ v. Allison, 9 Bax., 459; McVey v. Ely, 5 Lea, 442; Blair v. Bank, 11 Hum., 84; Taylor v. Taylor, 12 Lea, 714.

2. **SAME.** *Same. Not obviated by erasure.*

Where a note has been rendered void by material and fraudulent alterations of its terms by the holder, after its execution, without the maker's consent, its validity cannot be restored by erasure of the alterations, so as to make it collectible by the guilty holder. (*Post, pp. 12, 13.*)

Cases cited and approved: Crockett v. Thompson, 5 Sneed, 344; Blair v. Bank, 11 Hum., 84; Organ v. Allison, 9 Bax., 462; McVey v. Ely, 5 Lea, 443; Taylor v. Taylor, 12 Lea, 714.

3. **SAME.** *Same. Not waived by maker's acts, when.*

Material and fraudulent alterations of a note, after its execution, by the holder, without the maker's consent, are not waived by the latter's proposal, after knowledge thereof, to renew and pay the note, which was not accepted, or by his payment of another note of the same series, similarly altered without objection. (*Post, pp. 13, 14.*)

---

FROM MARSHALL.

---

Appeal in error from the Circuit Court of Marshall County. W. C. HOUSTON, J.

L. A. THOMPSON for McDaniel.

W. W. WALKER for Whitsett.

WILKES, J. This is an action to recover upon a note for $200, given in part consideration of a tract of land. It was commenced before a Justice of the Peace, appealed to the Circuit Court, and there tried before the Judge without a jury, resulting in a judgment for the defendant, from which the plaintiff has appealed and assigned errors. The defendant filed a special plea of *non est factum*, averring that the note had been fraudulently altered by the payee after it was given. The note, as originally given, was payable to the order of James C. Whitsett, and specified on its face that it was for the third and last payment on a tract of land. The alterations consisted in adding after the name of the payee the words "or holder," and in adding to the note the following: "A lien is retained on said land until all the purchase money is paid." While thus altered it was presented to defendant and payment demanded of him. He saw the alterations, and said that he thought they made the note void, but proposed that, if plaintiff would grant him further indulgence and renew the note and charge only six per cent. interest for the delay, he would pay it in a certain time. This proposition the plaintiff declined, and thereafter erased the matters which had been added to the note and brought suit upon it after the alterations had been erased. It appears

McDaniel *v.* Whitsett.

from the record that, on the trial before the Justice of the Peace, the plaintiff stated that he made the alterations as stated, and without defendant's consent or knowledge, and did so in order to bind the land. It is contended, on the one hand, that the additions to the note were not material, and did not change the legal effect or force of the note, and that, the alterations being erased before suit was brought, the note was, when sued on, in the shape it was originally, and hence plaintiff was entitled to recover. On the other hand, it is insisted that the alterations were material, and were intended to add to the security of the note and its negotiability, and that this purpose was fraudulent and avoided the note *in toto*, and the subsequent erasure could not revive it and restore it, and that plaintiff could not recover, because of his fraudulent act and purpose.

The authorities are uniform that, when a material alteration is made of a written instrument by the holder, fraudulently, and without the consent of the maker, it renders the instrument void so far as concerns its collection. 1 Greenleaf on Evidence, Sec. 564 *et sequitur; Crockett* v. *Thompson,* 5 Sneed, 344; *Organ, Admr.,* v. *Allison,* 9 Bax., 459; *McVey* v. *Ely,* 5 Lea, 442; Am. & Eng. Enc. Law, Vol. I., p. 502.

The authorities also hold that, when the alteration is fraudulently made, no erasure can restore the validity of the note and make it collectible by the party guilty of the alteration. Am. & Eng. Enc.

McDaniel *v.* Whitsett.

L., Vol. —., 504, note; *Ib.*, Vol. I., 520; *Crockett* v. *Thompson*, 5 Sneed, 344.

Much stress and force is laid in the cases upon the question whether the alteration was made with a fraudulent design, and the ground of the doctrine is said to be twofold: (1) As a matter of public policy, to prevent fraud by not permitting a man to take the chance of committing a fraud without running the risk of losing thereby when it is detected, and (2) to insure the identity of the instrument and prevent the substitution of another without the privity of the party concerned.

The rule is intended to operate as a penalty upon the holder, as well as a protection to the maker. It imports a fraud when it is material, whether so intended or not, and, even if. no injury is done and the change abandoned by the party in whose favor it was intended to operate, the consequence, upon strong grounds of public policy and settled rules of law, is the same—that is, to avoid the notes. 1 Greenleaf on Evidence, 565–6; *Crockett* v. *Thompson*, 5 Sneed, 344. See, also, *Blair* v. *Bank*, 11 Hum., 84–87; *Organ* v. *Allison*, 9 Bax., 462 (S. C., 3 Leg. Rep., 252); *McVey* v. *Ely*, 5 Lea, 443; *Taylor* v. *Taylor*, 12 Lea, 714; 1 Am. & Eng. Enc. Law, p. 520.

We think that, in this case, the alteration was material, and, without doubt, made by the plaintiff with a view to increasing the security and value of his note, and the same was fraudulent both in law

and fact, and the note, in consequence, became void, and the subsequent erasure could not restore its original purity and validity, and plaintiff, by his acts, lost his right to recover upon said note. Nor do the facts sustain the contention now made, that the change in the note was ratified by the maker after receiving notice of such change. It is true, he proposed to renew the note and pay it after the alteration, but it was on conditions which the plaintiff refused to accept, and the waiver did not, therefore, become operative and valid. 1 Am. & Eng. Enc. L., 522, note.

It is also true that he had already paid a prior note with similar alterations, but this would not constitute a waiver and consent as to the note now sued on. Moreover, the defendant explains that he did not notice the alteration when he made the payment of the prior note.

It is insisted that, inasmuch as the note was given for land, and so recited on its face, a vendor's lien, by implication of law, existed, and the added stipulation in the note was, therefore, immaterial, and gave no greater force to the lien. It by no means results as a matter of law that a lien exists upon real estate for a note executed in consideration of it, even though the consideration may be recited in the note. For aught this record discloses, such lien may have been expressly waived in the deed conveying the land, and there may have been no implied lien. Here, the evident purpose of

McDaniel *v.* Whitsett.

the alteration was to add to the negotiability of the note, and to stipulate, by agreement, for an express lien upon the land, and, even if the act done and words added were ineffectual to accomplish the end, the fraudulent purpose was, nevertheless, the same.

Upon the record as presented, we think there is no error in the judgment of the learned trial Judge, and it is affirmed, with costs.