EDWARD THOMPSON COMPANY v. ARTHUR E. BALDWIN.

FILED SEPTEMBER 18, 1901. No. 9,978.

1. **Evidence: PLEA OF PAYMENT.** Evidence *held* insufficient to support the plea of payment.

2. **Alteration of Descriptive Clause in Contract, Not Material Change.** In a contract for the conditional sale of books, the deferred

payments being evidenced by the promissory notes of the vendee, it was claimed a material alteration had been made by the interlineation of the words "interest at six per cent. on notes remaining over a year." *Held,* Such words to be only descriptive of the notes referred to and in the nature of a memorandum reference, and that such words did not constitute a material alteration of the contract of sale, the notes referred to being the instruments which determined the rate of interest they bore.

3. **Alteration of Certain of a Series of Notes Does Not Vitiate Remainder of Notes or Contract of Sale.** Where a series of notes were given in payment of books sold conditionally, and proof was tendered showing that a part of the notes had been materially altered, *held* that such alteration did not vitiate the contract of conditional sale or the unpaid notes regarding which no alteration was claimed.

4. **Under Facts Stated, Vendor May Terminate Contract and Recover Property.** Where the property had been delivered to the vendee under a contract of conditional sale and a part of the notes given for the purchase price were past due and unpaid, against which no valid defense existed, *held,* under the terms of the contract, the vendor might lawfully regain possession of the property and terminate the contract.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Richard S. Horton,* for plaintiff in error.

*John H. Grossmann* and *John D. Ware, contra.*

HOLCOMB, J.

In the trial court the jury were instructed peremptorily to return a verdict in favor of the defendant, which was accordingly done. On the verdict thus returned, after overruling a motion for a new trial, judgment was rendered against the plaintiff from which it prosecutes error proceedings from the court below to obtain a review of the trial therein had. The plaintiff began an action in replevin for the recovery of the possession of twenty-three volumes of the American and English Encyclopedia of Law then held by the defendant under a contract for the sale of the property on condition. By the contract of sale

the title to the property was not to pass to the defendant until the books were paid for, and in the event of his failure to pay any of the installments according to the stipulations in the contract, the plaintiff was authorized to take into its possession the property sold conditionally and terminate the contract. The defendant filed a general denial. He asked judgment for a return of the property on the grounds of payment and an alleged material alteration of the contract of sale. The principal and substantial ground upon which the defendant seeks to avoid responsibility under his contract, as we take it from the record, is the alleged alteration of the instrument. The plea of payment is puerile and unworthy of serious consideration. It is disclosed that, at the time defendant received the books under his contract, he paid $12 in cash and executed and delivered his nine promissory notes of $14 each, making a total of $138, the contract price. A receipt was given for the cash and notes and it is contended that this in connection with defendant's testimony that he "paid all" constitutes evidence justifying the conclusion that full payment had been made. The evidence does not warrant the conclusion and this defense must be brushed aside without further notice. Under the contract of sale the defendant obligated himself to pay $12 cash on delivery of the books and to execute his nine notes payable to plaintiff's order without interest for $14 each, the first payable in two months and one falling due every two months thereafter, the last one falling due in eighteen months from date. There was also an order to send defendant the succeeding volumes of the work as rapidly as published until the complete number of volumes had been delivered. It is stated: "I agree to pay you for such succeeding volumes the sum of $6 per volume upon delivery." Then is interlined the following: "Interest at six per cent. on notes remaining over a year." The last sentence quoted, it is claimed by defendant, was inserted in the contract after its execution without his consent and constitutes a material alteration of the instru-

ment.  It is also testified by the defendant that the notes given in pursuance of the contract maturing in fourteen, sixteen, and eighteen months respectively from date had been altered after execution and delivery without the consent of the defendant by the insertion of the following: "6% int."  At the time of the commencement of the replevin action, the note maturing in ten months had been only partially paid and the one maturing in twelve months was wholly due and unpaid.  There is no claim that either of these notes had in anywise been altered after their execution and delivery.

Conceding that the sentence quoted, and to which we have heretofore referred, was inserted in the contract of sale without defendant's consent and after delivery, it is not, we think, such an alteration as will avoid the contract.  It is but a reference of a descriptive character as to certain notes accompanying the contract which were to evidence the unpaid balance of the purchase price.  The legal status of the parties, so far as this action is concerned, was not changed thereby nor did it in any way materially affect the instrument evidencing the contract of conditional sale.  The notes themselves must determine the respective legal rights of the parties in respect of the terms as to interest on the deferred payments of the purchase price.  The sentence only referred to these notes in the nature of a memorandum as to the stipulations they should or did contain as to interest.  Whether the notes or any of them in fact drew interest recourse must be had to these several instruments to determine the question, and the payer's liability for interest is determined by the wording of the notes irrespective of the alleged alteration of the sale contract.  The contract as consummated between the parties was that the title to the books should remain in the seller until paid for, and if the notes given for the deferred payments were not paid within thirty days after any one or more of them became due, the seller might retake possession of the property and that with the cash payment of $12 to be paid on the delivery of the books the

remainder of the purchase price should be evidenced by notes of the buyer due at the times heretofore stated. The contract and notes having been executed, the defendant was obliged to satisfy the notes in order to defeat the plaintiff's right to retake possession of the property the title to which was retained in it.

Now, at the time of the commencement of the replevin action, it is beyond peradventure of doubt that two of the notes, against which nothing can be said as to their validity, remained unpaid although past due for a period much longer than required under the terms of the contract. This fact, when established, made plaintiff's cause of action complete and entitled it to a judgment awarding it the right of the property and the possession according to the terms of the contract. But it is contended that, there being evidence of a material alteration of the notes maturing more than twelve months after date, this not only avoids the notes altered but also the entire contract of which they formed a part and that plaintiff can not therefore recover. We do not so regard it. It is true that the alteration as to these notes was material and would prevent any recovery on any contract resting for enforcement on their non-payment. The material alteration of a part only of a series of notes forming a part of an entire contract can have the legal effect of vitiating such contract only to the extent that it must rest on the altered instruments for enforcement. Had the defendant satisfied the notes whose validity is unquestioned, then perhaps the plaintiff would have no legal demand against him and there would be no default in any of the terms of the legal contract existing between them or any part thereof. But having a valid and legal demand for the part of the consideration represented by the unpaid notes regarding which there is no claim of alteration, the plaintiff is in as favorable position to enforce its contract as though the whole sum remained unpaid and against which there existed no valid defense. The defendant had never completed his contract for the purchase of the books. He had, at most,

only the possessory right to them during the time given for the payment of the purchase price, and upon failure to make the stipulated payment of an installment at the time specified, the plaintiff was empowered to regain pos- session of the property and terminate the contract. The legal title remained in the vendor and could be defeated only by compliance with the conditions to be performed subsequent to the time of the conditional sale on the part of the vendee. This he failed to do; and at the time of the commencement of the replevin action he was in default of payments evidenced by his promissory notes, the valid- ity of which can not be successfully challenged. Whether, notwithstanding the alleged alteration of a part of the notes given for the purchase price, the vendor might re- cover on the original consideration or whether the altera- tion was of such fraudulent character as to cancel the debt represented by the altered notes, it is not necessary here to consider. The petition stated a good cause of action, and is fully supported by the undisputed evidence. The contract imposed a moral and legal obligation on the defendant which he should not be permitted to escape by either of the defenses interposed.

The judgment is reversed and the cause remanded for further proceedings in accordance with law..

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.