DEERING HARVESTER COMPANY v. WHITE.

(*Nashville.*   December Term, 1902.)

1. **MATERIAL ALTERATION.**  Of written instrument by party
beneficially interested, or by his authority avoids it.

   A material alteration of the terms of a written instrument made
by a party beneficially interested therein, or by his authority,
renders the instrument void, on the grounds of public policy
and its validity cannot be restored by erasing the alteration and
making it conform to its original terms.   (*Post, pp.* 134-135.)

   Cases cited and approved:   Crockett v. Thomason, 5 Sneed, 342;
McDaniel v. Whitsett, 96 Tenn., 12.

2. **SAME.**  Of written instrument by a stranger is a mere spolia-
tion and does not avoid it.

   But a material alteration of the terms of a written instrument
made by a stranger, or one who stands as a stranger, without
the consent or authority of the party beneficially interested in
such instrument, must be treated as a mere spoliation and will
not have the effect to render the instrument void.  (*Post, p.*
135.)

3. **SAME.**  Of written contract by agent without authority is a
mere spoliation—not avoiding it.

   So, where a contract for the sale of a machine is altered so as to
make it call for greater consideration, by an agent, without any
authority from his principal, who when informed of it repudi-
ated the change, such alteration will be treated as a mere spoli-
ation by a stranger, not impairing the validity of the contract in
its original form.   (*Post, pp.* 133-136.)

Deering Harvester Co. v. White.

FROM STEWART.

Appeal from the Chancery Court of Stewart County. —L. T. COBB, Special Chancellor.

W. M. BRANDON, for Deering Harvester Company.

J. W. STOUT, for White.

MR. JUSTICE. WILKES delivered the opinion of the court.

The bill in this case is to recover the price of a corn harvester. The testator of defendant gave an order to the harvester company for a machine, for which he was to pay, if he approved it, $120 in three annual installments of $40 each. The machine was delivered and examined, and conceded to be as represented, but the testator refused to pay for the same, or to execute his notes, as he had agreed to do, for the installments, giving as a reason that he had sold his farm to his sons, and did not need it. When the first installment fell due, suit was brought before a justice of the peace, but after suit began the testator died, and the suit was allowed to abate. Subsequently this suit was brought. In the meantime the complainants were informed that the original order, as given to their agent, had been changed by the agent,

so as to make the last installment $45, instead of $40, as
agreed on.   This the agent did without authority from
his principals, and without their knowledge, and for the
purpose of effecting another sale of a machine to a neigh-
bor of the testator.

The court of chancery appeals report from the
proof that complainants never intended to charge the
testator but $120, and when notes were demanded they
were only demanded three for $40 each.

The original suit brought before the justice of the
peace was upon the instrument in its changed condition,
calling for the last installment of $45, instead of $40.
When complainants were informed of the change
made by their agent, they allowed that suit to abate, and
then corrected the instrument to conform to the agree-
ment, and brought the present suit upon it in its cor-
rected form.

It was insisted in the court below and in the court of
chancery appeals that the change made in the written
contract was a material alteration of its terms, and ren-
dered it void, and it could not be restored and validated
by correcting the change and erasing the alteration, but
the instrument must be treated as void for all purposes.

The court of chancery appeals was of opinion that
the change must be treated as a mere spoliation of the
instrument by a stranger, and not an alteration by a
party beneficially interested.   In the latter case the in-
strument would have been rendered void on grounds of
public policy, even after correction made.   *Crockett* v.

*Thomason,* 5 Sneed, 342; *McDaniel* v. *Whitsett,* 96 Tenn., 12, 33 S. W., 567.; 1 Greenleaf's Evidence, 565-6; Addison on Contracts, 1084. But a mere spoliation of an instrument by a stranger, or one who stands as a stranger, does not have such effect. That court finds that the change was made by the agent without authority from his principal; that the latter did not authorize, consent to, or know of it, and when informed of it repudiated the change, and did not thereafter attempt to enforce it; and that the change was not made with a view to defrauding the testator of defendant, but for another purpose unknown to and unauthorized by the principal.

That court further finds that the machine was received by the testator, is now in possession of defendant, as his executrix, and has not been paid for, and is confessedly up to representations; and under these facts the estate should be made to pay for the same.

We concur in the opinion of the court of chancery appeals, and think complainant is entitled to recover, and defendant, as executrix, is under obligation to pay, and the decree of the court of chancery appeals is affirmed.

The rule is thus stated in 2d Vol. Am. and Eng. Ency. Law, p., 216: "In the United States the effect of an alteration by an agent of the grantee depends on whether the act is or is not within his express or implied authority. If the agent acts within the line of his authority in making the alteration, it will have the same effect in invalidating the instrument as if made by the

party claiming thereunder himself. But if on the other hand, the agent has no authority whatever, either express or implied, to make the alteration, it is simply a·spoliation by a stranger to the contract, and does not impair the validity of the instrument as it originally stood"—citing many authorities.