METROPOLITAN NAT. BANK v. VANDERPOOL. (No. 1107.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1917. Rehearing Denied March 7, 1917.)

1. BILLS AND NOTES ⊙═163—NEGOTIABILITY —REFERENCE TO CONSIDERATION.
   That a note recited it was payment on a named contract did not destroy its negotiability.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 390–392.]

2. BILLS AND NOTES ⊙═378 — ALTERATIONS —VALIDITY.
   Any alteration which is material and made without the consent of the party sought to be charged upon a note at any time after its execution renders it void as to them, even in the hands of an innocent holder, notwithstanding the alteration has been so skillfully made as to escape detection upon close scrutiny.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 985–992.]

3. ALTERATION OF INSTRUMENTS ⊙═9 — MATERIALITY—NOTE.
   Where a note recited that it was payment on contract L 854, and before negotiation to plaintiff the number was erased, the alteration was a material one which would defeat an action on the note, for in its altered form it did not, though paid, show payment on the contract.
   [Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 47–53.]

Appeal from Hale County Court; W. B. Lewis, Judge.

Action by the Metropolitan National Bank against F. W. Vanderpool. From a judgment for defendant, plaintiff appeals. Affirmed.

Y. W. Holmes and W. W. Kirk, both of Plainview, for appellant. H. C. Randolph and P. B. Randolph, both of Plainview, for appellee.

HUFF, C. J. The appellant bank brought this suit against appellee, Vanderpool, upon the following note and indorsement:

"$768.00.    Minneapolis, Minn., June 29, 1914.

"One year after date I promise to pay to the order of the O. W. Kerr Company seven hundred sixty-eight and no/100 dollars at the office of the O. W. Kerr Company, Minneapolis, Minn., with interest after date at the rate of six per cent. per annum until fully paid, value received. Interest payable annually. Deferred payments of interest to draw same rate as principal sum.

"—— Payment on Contract No. L ——.
                                    "F. W. Vanderpool.

"Plainview, Texas.
                            "The O. W. Kerr Co.,
                    "Per P. W. Endsley, Atty. in Fact.

"For value received I hereby waive protest, demand, and notice of protest on within obligation, and guarantee payment thereof at maturity or any time thereafter.

                            "The O. W. Kerr Co.,
            "Per P. W. Endsley, Attorney in Fact."

The appellee answered and alleged material alteration of the note after its delivery and execution to the O. W. Kerr Company. The alteration consisted in erasing the contract number, which was part of the note at the time of its execution, and referred to a certain contract made between the appellee and the O. W. Kerr Company, and that the alteration was made without the knowledge or consent of appellee. The original number of the note when executed was "Contract No. L 854," and that since that time the No. 854 had been erased, without the knowledge, consent, or authority of appellee. It is further alleged that the O. W. Kerr Company sold to appellee a certain 320 acres of land situated in Alberta, Canada, by a contract in writing, in which the company agreed to convey good title in consideration of $5,440, $500 thereof was paid in cash; the balance of the consideration was evidenced by six promissory notes executed by appellee, and that the note sued on was a renewal of the last of the notes, all the others having been paid off and discharged. It is alleged that the O. W. Kerr Company could not and would not deliver title to the appellee for the land, all of which appellant knew and had notice, and that the note had been altered as above set out, and for the purpose of destroying the appellee's right to plead failure of consideration, or such other defense as he might justly be entitled to, and in order that the holder of the note might claim that he was such without notice of the contract to which it referred.

The appellee introduced in evidence a duplicate of the agreement betwen himslf and O. W. Kerr Company, dated June 29, 1909, with the number thereon at the top and left-hand corner of the contract as follows: "No. L 854," which is then followed by the agree-

ment of the parties. It is recited therein, in consideration of a full performance of the conditions and stipulations and the payments made as thereinafter specified, that "the performance of each and every of the said conditions and stipulations, as well as said payments being hereby expressly declared a condition precedent and of the essence of this agreement." The company agreed to sell and convey, or would cause to be conveyed, to appellee the one-half section of land described as situated in the Province of Alberta, Dominion of Canada, for the sum of $5,440, with six per cent. interest per annum. The contract shows there are six payments provided for, five for the sum of $768, due, respectively, June 29, 1910, 1911, 1912, 1913, and 1914. The first payment being due August 1, 1909, for $1,100, which is shown by the contract not to have borne interest to that date. The interest on the other notes being shown by the contract on the due date of the other notes. After the stipulation with reference to improvements, taxes, etc., providing for the punctual payment of the several amounts, with interest, it is stipulated the purchaser, appellee, would be entitled to a deed, transfer, or patent, conveying the land in fee simple free of all incumbrances. The agreement had indorsed on it:

"Duplicate agreement, No. L 854. The parties to this appeal have agreed in the statement of facts in the record, as follows: The evidence introduced shows a failure of consideration for the note in that the O. W. Kerr Company never delivered the land because same is insolvent. The evidence introduced shows that the note was altered after execution and delivery, without the consent of the defendant, as plead by him, and as found by the jury."

The trial court submitted one issue to the jury:

"Was this note altered by erasure of the figures 854 since its execution and delivery, without defendant's authority?"

The jury answered:

"We, the jury, find for the defendant, believing the figures 854 were erased from note after execution without consent of the defendant."

The trial court rendered judgment for the defendant under this verdict, and recites in the judgment entry that he found that the erasure was a material alteration, and also that there was a total failure of consideration for the note.

The appellant presents in this court three assignments of error: (1) To the action of the court in overruling exceptions 1, 2, and 3. Because the alteration is not shown by the answer to be material; (2) in submitting the issue of alteration because if there was an alteration the evidence shows it was not material; (3) In rendering judgment because the alteration was not material and because the appellant was a purchaser in due course of business for value without notice, and before maturity. Under these assignments appellant presents two propositions: (1) The negotiability of the note is not affected by mere reference to a contract which is the consideration for the note, where it is not thereby burdened with the conditions of the contract, and therefore the erasure of such reference cannot constitute a material alteration; (2) if the reference was sufficient to give notice to the contents of the contract and its execution, there is no evidence that it was breached before the note was indorsed, and that the appellant had knowledge of the breach, and that it was therefore entitled to recover as an innocent purchaser.

[1] The mere fact that the note states the consideration, "if the note be genuine," does not put the holder upon inquiry whether or not it really passed or had failed in any respect. The holder of such note is not required to exercise diligence upon the purchase of such a note, nor is the negotiability of the note by such a recitation destroyed; in other words, the note sued on in this case, with the recitation "payment on contract No. L 854" did not destroy its negotiability. The authorities cited by appellant will support appellant's proposition to the extent stated by us. Buchanan v. Wren, 10 Tex. Civ. App. 560, 30 S. W. 1077; Turner v. Grobe, 44 S. W. 898; Mulberger v. Morgan, 47 S. W. 379; Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632; R. C. L. Bills and Notes, vol. 3, § 69. But it will not necessarily follow that the erasure of such reference is not a material alteration. This depends upon other facts or circumstances, together with the note itself. The second proposition we are disposed to think under the authorities a correct statement of the law, or substantially so. This, however, does not necessarily render the action of the court in overruling the exceptions submitting the issue to the jury and in rendering judgment error.

[2] If the erasure was material the note sued on was not appellee's obligation. "The general rule is that any alteration which is material and made without the consent of the party sought to be charged thereon at any time after its execution renders it void as to them, even in the hands of an innocent holder." R. C. L. vol. 3, Bills & Notes, § 214. "Where an instrument has been materially altered it cannot be sued upon in its altered form nor read in evidence to support an action, even when brought by a bona fide holder without notice, and even though the alteration has been so skillfully made as to escape detection upon close scrutiny. But when the party making the alteration discharges the burden of proof upon him by showing that the material alteration was made by mistake and without fraudulent intent, the right of action upon the consideration for which it was given remains." 2 Dan. on Neg. Insts. § 1413; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; Landon v. Holcomb, 184 S. W. 1098; Spencer v. Tripplett, 184 S. W. 712.

The appellant, except inferentially, does not present a proposition that the court erred in holding the alteration material. True, it is asserted, because the reference to the contract did not destroy its negotiability, therefore the erasure was immaterial. The negotiability of the note before and after the erasure is not the only issue to be determined, but, is the erasure so material as to destroy the identity of the obligation or its legal effect, and to make a new contract for appellee? If it is, the alteration is material. "Any change in the terms of a written contract which varies its original legal effect and operation, whether in respect to the obligation it imports or to its force as a matter of evidence, when made by any party to the contract, is an alteration thereof, unless all other parties to the contract gave their express or implied consent to such change. And the effect of such alteration is to nullify and destroy the altered instrument as a legal obligation, whether made with fraudulent intent or not." 2 Dan. on Neg. Insts. § 1373; 2 C. J. § 6. "Alteration of Instruments"; Ford v. First National Bank, 34 S. W. 684; Baldwin v. Haskell National Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178; Barton v. Stephenson, 87 Vt. 433, 89 Atl. 639, 51 L. R. A. (N. S.) 346.

[3] The legal effect of the recital in this note, which was part of the note, was to make it a payment upon a certain designated contract. The erasure of the number of the contract on which it was payment was, in effect, to make it a payment on a different contract and to alter the ultimate responsibility on that contract of which it was a payment. It was no longer evidence of a payment on the contract for which it was given, but was made to evidence the payment on a different one. This altered appellee's undertaking. The erasure caused it to appear that it was executed upon consideration of one contract when the consideration was for a different one. If appellee had demanded of the payee in the note a fee-simple title to the land, which contract L 854 obligated it to convey, and presented the note as his right thereto, the note would not, as altered, evidence his right to such title. 2 Dan. on Neg. Insts. § 1394; Richardson v. Fellner, 9 Okl. 513, 60 Pac. 270; McDaniel v. Whitsett, 96 Tenn. 10, 33 S. W. 567; Bowser v. Cole, 74 Tex. 222, 11 S. W. 1131; Kalteyer v. Mitchell, 110 S. W. 462; American Copying Co. v. Thompson, 110 S. W. 777; Goldman v. Blum, 58 Tex. 630; Pope v. Taliaferro, 51 Tex. Civ. App. 217, 115 S. W. 309.

The true test as to materiality of the alteration is whether it is the same contract. Measured by this test, we believe it must be determined in this case that the altered contract is different. It is the payment on a contract as altered which appellee did not agree to make and which would affect his rights very materially in the contract he had with the O. W. Kerr Company, which was executed at the same time and as part of the same transaction. Whether the alteration in the note would materially affect the contract of sale may be a question upon which the courts are not in entire accord, and which perhaps would not defeat the enforcement of their contract but in order to do so, appellee would be required aliunde the note, to prove he had made the payment which was made a condition precedent to a conveyance of the legal title to the land. Edward Thompson Co. v. Baldwin, 62 Neb. 530, 87 N. W. 307. But we believe these two instruments, being part of the same transaction, may be examined together, for the purpose of determining the materiality of the alteration and the effect it may have upon the obligation and the consideration. The alteration, as made, would appear to increase appellee's obligation, destroy the identity of the original obligation, and evidence a different consideration. This erasure was not a mere memorandum on the note, but was part of the obligation agreed to between the parties and written in the fact of the note.

We believe the trial court correctly held that the alteration was material. The judgment is affirmed.