## MRS. ALICE STEELE v. H. H. GALBRAITH.

Eastern Section.   April 30, 1927.

Petition for Certiorari denied by Supreme Court, July 7, 1927.

1. **Bills and notes. Alterations. Alterations made without the authority of the holder do not affect the validity of a note.**
   Alterations made by a stranger or by the agent of the holder without the authority of the holder, do not affect the validity of the note.

2. **Bills and notes. Alterations. Alterations must be material to affect validity of note.**
   The alteration made must be material and must change the liability of the maker before it will affect the validity of the note.

3. **Bills and notes. Alterations. Alterations held not material.**
   Where the agent of the holder wrote upon a note that it was secured by a mortgage on certain property, when in fact the note was not secured by a mortgage and the maker of the note owned no property as described, held the alteration was immaterial and could not affect the validity of the note.

Appeal from Chancery Court, Knox County; Hon. Charles Hays Brown, Judge.

Affirmed.

Smith & Carlock, of Knoxville, for appellant.

White & Leonard, of Knoxville, for appellee.

HEISKELL, J.   This suit was brought September 4, 1925, in the chancery court of Knox county by Mrs. Allie Steele against the defendant H. H. Galbraith, seeking to recover an alleged indebtedness of $1400.30 due upon two promissory notes which are both dated February 22, 1921, and both due one year after date, one of said notes being for $1,000 and the other for $200, and made payable to J. Albert Robbins and endorsed by said Robbins to complainant.

It is alleged that complainant purchased said notes from Robbins within a few days from the date of their execution and that said notes bear interest at 6%, and provide for attorneys fee, but that the interest on said notes had been paid to August 22, 1924.

There was a special plea of non est factum filed September 29, 1925, by which the defense was set up by the defendant that these notes were not the act and deed of the defendant Galbraith for the reason that they had been materially and fraudulently altered without any notice to him, or without his consent, and that said notes as altered had never been ratified or their validity acknowledged by him or by anyone for him; that said alterations consisted in the addition of the words "mortgage on property in 11th" filling in a blank space in said notes so as to make each of said notes read: "This note is secured by mortgage on property in the 11th District, of Knox county, Tennessee."

In addition to said special plea of non est factum, defendant filed his answer in which he denied said indebtedness and alleged in addition to the defense set up by said special plea that said notes were signed by the defendant as an accommodation to J. Albert Robbins and that there was no consideration passing to the defendant for signing same and that said notes were fraudulently altered and that said J. Albert Robbins acted as the agent of complainant and that complainant took said notes with notice of their fraudulent alteration; that she had extended the time of payment from time to time to said Robbins and had allowed him to become insolvent and leave Knoxville before presenting said notes for payment; that complainant had never listed said notes for taxes and had never paid any privilege or license tax authorizing her to buy and deal in notes and securities, and for this reason she was not entitled to bring suit to collect same.

Evidence was taken upon these issues and the cause was heard before the Honorable Robert M. Jones, Chancellor, on the 12th day of November, 1926, who held that the alterations made on the notes as claimed by the defendant were made by the said J. Albert Robbins, agent of the complainant, but without any authority whatever, and that said alterations or additions are therefore spoliations and do not affect the right of the complainant to recover on said notes, and a decree was rendered in favor of the complainant for $1496, together with all the costs of the cause.

To this decree the defendant excepted and prayed an appeal from it to this court, which appeal was granted and has been perfected.

Galbraith, the appellant, filed three assignments of error which are as follows:

1.—The Chancellor erred in holding said two notes valid and granting the complainant a decree thereupon for the following reasons: (1) Said notes were wholly without consideration; (2) Said notes had been materially altered by J. Albert Robbins and said notes were not held by the complainant as an innocent holder in due course. The Chancellor should have held that said notes were void and uncollectible for these reasons.

2.—The Chancellor erred in granting the complainant a decree in this cause because it is shown that she received said notes as a dealer in notes and securities without having paid any license fee or privilege tax therefor; and further, that she had never listed said notes for taxation.

3.—The Chancellor erred in holding that the material alterations or additions made in the face of said notes without the knowledge and consent of the defendant, were spoliation and did not affect the right of the complainant to recover on said notes. The Chancellor should have held and decreed that J. Albert Robbins was not a stranger to said notes, but also the agent of complainant with full authority to make and accept such notes and make loans of complainant's money, and that his knowledge as such agent was the knowledge of his principal, and that she was chargeable with full notice of said alterations which were material and which destroyed the validity of said notes.

The proof shows that complainant was not a dealer in notes and that she was an innocent holder for value in due course of trade. So far as based upon these grounds, the assignments are overruled. This leaves for consideration the single question—Did the change made in the notes by J. Albert Robbins avoid the notes and discharge the liability of Galbraith the maker.

The deposition of Robbins was taken and is embraced in the bill of exceptions but the decree recites that it was not read. So the testimony of Galbraith is the only testimony as to the change and must be taken to support the finding by the Chancellor that the words "mortgage on property in 11th" were added after the notes were signed by Galbraith, so as to make the notes read: "This note is secured by mortgage on property in 11th District, Knox county, Tennessee." The decree contains the following:

> "The court is of the opinion that the alterations made in the note after the execution of same as claimed by the defendant were made by said J. Albert Robbins, agent of the complainant, without any authority whatever, and that said alterations or additions are therefore spoliations and do not affect the right of the complainant to recover on said notes."

So far as this is a finding of facts it is supported by the proof. J. Albert Robbins was the agent of the complainant to lend or

invest money for her. He had no authority to change the note. The change if of any effect could only operate as a fraud on complainant and manifestly she would not authorize her agent to perpetrate a fraud on her. In so far as the excerpt from the decree contains a ruling of law it is supported by the case of Deering Harvester Co. v. White, 110 Tenn., 132 which lays down the rule that even a material alteration by a stranger does not affect the validity of a contract and that an agent who makes such alteration without authority of his principal will be treated as a mere stranger and his act as a mere spoliation not impairing the validity of the contract in its original form.

The case of McDaniel v. Whitsett, 96 Tenn., 10 cited and relied on by appellant is not applicable to this case. In that case the alteration was made by the holder of the note and it was held to be material. In the present case the alteration was made not by the holder but by an unauthorized agent and besides it was immaterial. The defendant had no property in the 11th District of Knox county. There was no mortgage to which the words could be referred or with which the note could be connected. In the McDaniel v. Whitsett case, the note was given for purchase money of land and the addition of the words "a lien is retained on said land until all the purchase money is paid" made the note a different contract from what it was before. In the present case the words added to the note did not affect in the slightest the liability of the maker. His liability remained purely personal. In McDaniel v. Whitsett, the court says:

"The authorities are uniform that, when a material alteration is made of a written instrument by the holder, fraudulently, and without the consent of the maker, it renders the instrument void so far as concerns its collection. I Greenleaf on Evidence, sec. 564 et sequitur; Crockett v. Thompson, 5 Sneed, 344; Organ, Admr. v. Allison, 9 Bax., 459; McVey v. Ely, 5 Lea, 442; Am. & Eng. Enc. Law, Vol. I, p. 502."

In the present case the holder has made no change in the note and the change made is utterly immaterial. The Chancellor was warranted in holding the words added to be a mere spoliation and in holding the defendant liable. All assignments of error are overruled and the decree is affirmed. Decree will go against appellant and his sureties on the appeal bond for the decree, interest and costs.

Owen and Senter, JJ., concur.