**CLIFTON MERCANTILE CO. OF CLIFTON v. GILLASPIE. (No. 1061—5275.)**

Commission of Appeals of Texas, Section B. April 10, 1929.

W. V. Dunnam, of Waco, for plaintiff in error.

J. P. Word, of Meridian, and J. L. Bird, of Walnut Springs, for defendant in error.

LEDDY, J. Tom Gillaspie, defendant in error, filed this suit against Clifton Mercantile Company, of Clifton, Tex., plaintiff in error, to cancel a note and mortgage executed by him to said company, of date August 1, 1926, the ground urged for cancellation being that both of said instruments had, without his knowledge or consent, undergone a material alteration after their execution by him; that the note was altered and changed from an ordinary promissory note, maturing October 1, 1926, to an installment note, payable in monthly installments of $50 per month; that the mortgage securing said note was so altered and changed as to cover property not described in the mortgage at the time of its execution, consisting of one Ford truck, one Reo truck, and the running gear of one Mandt wagon. It was alleged that defendant in error first discovered these changes in the note and mortgage on or about October 1, 1926, when a collector for the Clifton Mercantile Company advised him that an installment of $50 was due on his note.

Plaintiff in error denied defendant in error's allegations and by cross-action sought to recover the amount of the note with a foreclosure of its mortgage lien. At the close of the evidence the trial court refused a peremptory charge, requested by plaintiff in error, and submitted the case to the jury upon special issues. The issues submitted and the answers thereto, are as follows:

"(1) Did O. C. Orbeck, without the knowledge and consent of Tom Gillaspie, after the execution of the note for $657.00, dated August 1st, A. D. 1926, add to the same the words: 'Pay $50.00 per month'? Answer: 'Yes.'

"(2) Did O. C. Orbeck, without the knowledge and consent of Tom Gillaspie and after the execution of the chattel mortgage offered in evidence, add the following words to said chattel mortgage: 'One Ford truck, one Reo truck, being the trucks Tom Gillaspie is now using in the dray and transfer business in Meridian, Texas, one Mandt wagon running gear bought of Clifton Mercantile Company, renewed'? Answer: 'Yes.' "

Based on the findings of the jury in favor of defendant in error, the trial court rendered judgment canceling the note and mortgage, and denying plaintiff in error a recovery on its cross-action, which judgment was affirmed by the Court of Civil Appeals by a divided court, Justice Stanford dissenting.

Defendant in error contends that the addition of the words, "Pay $50.00 per month," to the note after its execution, did not constitute a material alteration thereof, and that because of the position in which the added words were placed they should not be construed as being a part of the body of the note, but a mere marginal memorandum.

The note, as it appeared when offered in evidence, is as follows:

"$657.00.          Clifton, Tex., Aug. 1st, 1926.

"On or before October 1, 1926, after date, for value received, I, we or either of us, promise to pay to the order of Clifton Mercantile Company, Six Hundred Fifty-seven

Dollars, at Clifton, Texas, with 10 per cent. interest per annum from date until paid, interest payable annually as it accrued, and in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on same, then an additional amount of ten dollars as liquidated damages, ten per cent. on principal and interest and court costs, shall be added as collection fees. This is one of a series of notes of like tenor and effect, except as to the amount and dates of maturity, and it is agreed that the failure to pay any one of them at maturity shall mature all the others and make them payable at once. The drawer and endorsers severally waive protest, notice of protest and notice of non payment.

"Pay $50.00 per month.

"Meridian          Tom Gillaspie
"Brownsville.      Chas. D. Cabler.
"P. O. ——————"

Our Negotiable Instruments Laws (section 125, art. 5939), in reference to alterations of the nature here involved, provides: "Any alteration which changes , * * * (3) The time or place of payment * * * is a material alteration."

■■ It is well established that a marginal notation on a note, made by the payee thereof, for purposes of reference or as a memorandum of a collateral agreement, does not constitute a material alteration of such note. American Nat. Bank v. Bangs et al., 42 Mo. 450, 97 Am. Dec. 349; Knoles v. Hill, 25 Ill. 288; Carr v. Welch, 46 Ill. 88; Culver v. Yocum, 9 Ky. Law Rep. 148; Edward Thompson Co. v. Baldwin, 62 Neb. 530, 87 N. W. 307. The question as to whether the memorandum made upon the note becomes a part thereof, so as to constitute a material alteration of the note, is largely determinable by the position of the added words, coupled with the intention with which the same is placed thereon, and the legal effect of the addition on the contract itself. If it appears that the holder of the note intended by the notation placed thereon to make the language added a part of the contract evidenced by the note, then it will not be held a mere marginal notation, if such language, when fairly construed, affects the time or place of payment. Under such circumstances, it constitutes such a material alteration as will prevent a recovery on the note. Baldwin v. Haskell Nat. Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178; Benedict v. Cowden, 49 N. Y. 396, 10 Am. Rep. 382; Kilkelly v. Martin, 34 Wis. 525; Woodworth v. Bank of America, 19 Johns. (N. Y.) 391, 10 Am. Dec. 239.

In this case Mr. Orbeck, the representative of plaintiff in error, testified that defendant in error agreed, before the note was executed, to pay the renewal note at the rate of $50 per month and that he placed the words, "Pay $50.00 per month," on the note before the same was signed by defendant in error. It is thus made to plainly appear that the addition of the above language was not for the purpose of making a marginal notation on the note, or to evidence a collateral agreement, but to add language which it is claimed was a part of the contract itself. The jury, by its finding, declined to accept the view that this language was added before the note was executed by defendant in error. Under these circumstances it cannot be held that the added language is but a marginal memorandum, as it was not only admittedly placed thereon with the distinct purpose of making the same a part of the contract to pay, but the words added were placed in such position with reference to the body of the note as to evidence an intention to make it a part thereof.

A photostatic copy of the note appears in the record. An inspection thereof shows that the added words were written in the left-hand corner and as close to the printed body of the note as the same could be written, they appearing above the line on which the signature of the maker appeared. It thus appearing by the position of the added words and the intention of the party who placed them thereon that it was intended to alter the provision in the note making the entire amount due on October 1, 1926, it must be held that the alteration was of such a material nature as will prevent a recovery thereon.

A fair test as to whether the added words constitute a material alteration of the note can be had by determining whether plaintiff in error could have compelled defendant in error to have paid the full amount of the note on October 1, 1926, if defendant in error had conceded Orbeck's version of the transaction with reference to the execution of the note to have been correct. In other words, if all parties to this transaction had testified on the trial of a suit to collect the full amount of the note on October 1, 1926, that it was agreed at the time of the execution of the note that Gillaspie should pay the amount due $50 per month, and that in order to carry out said agreement the words "Pay $50.00 per month" were added to the note before it was signed, we think plaintiff in error would have been denied a recovery, if it had been shown defendant in error was not in default on any monthly payment.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.