P. W. MILSAPS *v.* H. S. FOSTER.

*(Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

BURN & MICHAEL, for plaintiff in error.

DANNEL & FOWLER, E. E. WATKINS and C. E. WAG-ONER, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

At Milsaps' auction sale Foster bid off a cow at $75 and executed his note. I. N. Taylor conducted the sale. The record does not disclose who prepared the note but Foster and Earl Brewster testified that Milsaps brought it to Foster, who signed it, and delivered it to Milsaps.

Milsaps testified: "I did not get the note until Saturday. I went to Sweetwater to settle with Mr. Taylor

two or three days after the sale and he gave me this note. It is in the same condition that it was when Mr. Taylor gave it to me. I never changed it.''

Taylor testified: ''We announced that the cows would be sold on six months time. Foster bid off a cow at $75 but I do not know who took the note. The Foster note was among the others I delivered to Milsaps at Sweetwater. It is in the same condition now as it was when I turned it over to Milsaps. I compared it with our record of sales to see that it corresponded. It was carried on the record as a six months note. It appears to have been changed. I did not alter it.''

Two or three men were assisting Taylor, who had charge of the sale. Milsaps and Taylor testified that the note had been apparently altered.

Suit was brought to recover either upon the note or the original consideration. The trial judge sustained the plea of *non est factum* but allowed a recovery upon the consideration, Foster having admitted that he bought the cow at $75.

The Court of Appeals reversed the judgment and dismissed the suit, upon the ground that the burden was upon Milsaps to explain the alteration, and that he had failed to carry the burden.

■ By the negotiable instruments law, chapter 94, Acts of 1899, section 124, if the holder of a negotiable instrument materially alters it without the consent of the parties liable thereon, it is rendered void. *Taylor* v. *Taylor*, 12 Lea, 714.

■ However, if the alteration was not fraudulently made, although the identity of the instrument may have been destroyed, it would not cancel the debt of which the instrument was merely evidence. *Grocery Co.* v. *Marshall*, 131 Tenn., 270. For as was said in *Bank* v.

*Yowell*, 155 Tenn., 430, if there was no attempt to defraud there is no reason why a court should not assist the creditor so as to allow a recovery upon the original consideration.

The burden was upon Milsaps to show that there was not a material alteration or that Foster consented to the alteration to enable him to recover upon the instrument itself. Milsaps clearly carried the burden of showing the absence of fraudulent intent.

The intent with which an instrument is altered is immaterial in determining the effect upon the immediate instrument but it is important in determining whether a recovery can be had upon the original consideration. *Grocery Co.* v. *Marshall, supra.*

Milsaps and Foster both say they did not alter the note and that it was in the same condition at the time of trial as when Taylor delivered it to Milsaps two or three days after the sale. The reasonable inference to be drawn from the evidence is that some one of Taylor's assistants altered the date of payment to conform with the terms of sale after Milsaps had Foster to sign it. Milsaps and Foster, though unable to explain the alteration, that is to show who did it, show that it was not done by them and that it was done without the knowledge of Milsaps.

Upon these facts the inability to explain the alteration would not, as the circuit judge found, forbid recovery upon the original consideration. For the alteration was made without intent to defraud and without the knowledge of Milsaps. *Deering Harvester Co.* v. *White,* 110 Tenn., 132.

We are, therefore, constrained to reverse the Court of Appeals and affirm the judgment of the circuit judge, with interest from rendition of the judgment.