J.C. Smith, administrator of the estate of W.P. Smith, deceased, filed a bill in the Chancery Court of Greene County against E.W. Williams and W.C. Williams, residents of Loudon County, and C.F. Williams, temporarily in Greene County, to collect two promissory notes — one for three thousand ($3000) dollars dated January 5, 1926, due six months after date, providing interest and attorneys' fees, and payable to W.P. Smith and signed by W.C. Williams and E.W. Williams — a second note for two thousand five hundred ($2,500) dollars, dated November 1, 1928, due twelve months after date, said note being payable to J.C. Smith, admr., and providing for attorneys' fees and cost of collection, and signed by E.W. Williams as principal and C.F. Williams as endorser. After the bill was filed it was amended so as to allege that the twenty-five hundred ($2500) dollar note sued on represented one-half of a five thousand ($5000) dollar note that had originally been executed by E.W. Williams, J.R. Williams, and C.F. Williams. The amendment stated further that if for any reason suit could not be maintained on the twenty-five hundred ($2500) dollar note itself then complainant should be entitled to recover on the consideration of so much of the original note as was not paid.
The defendants E.W. Williams and W.C. Williams in their answer admit that they owe a balance on the first note of three thousand ($3000) dollars but as to the liability of E.W. Williams, principal, and C.F. Williams, endorser, on the twenty-five hundred ($2500) dollar note a plea of non est factum is filed and the defendant E.W. Williams says he did not sign this note and C.F. Williams says he did not endorse this note. The defendants say further, however, that E.W. Williams executed to complainant, J.C. Smith, a note for twenty-five hundred ($2500) dollars payable twelve months after date with interest from maturity at the First National Bank of Lenoir City. C.W. Williams admits that he signed the note on the back as endorser for E.W. Williams and they both deny that they endorsed any other note to J.C. Smith carrying any other provisions. They say that said note has heretofore been sued on in Chancery Court at Maryville and E.W. Williams says he paid interest on the note at the rate of eight per cent per annum to November 1, 1930, which amounted to two hundred ($200) dollars, and that this was fifty ($50) dollars in excess of the legal rate.
E.W. Williams as principal and C.F. Williams as endorser further say that after they executed said note that the same was changed by striking out the words "First National Bank of Lenoir City" *Page 615 
and that it was further altered by the insertion of the abbreviation "admr" after the words "J.C. Smith" also that the words "after maturity" were stricken out and words "after date" inserted so as to make the note bear interest from date instead of from maturity.
The answer was sworn to and quite a volume of proof was taken in the case. The lower court proceeded then to render judgment on the first note for a balance due of eight hundred and eight dollars and eight cents ($808.08), and this liability is not denied and, as we understand it, no appeal was taken from that portion of the decree. Judgment was also rendered on the twenty-five hundred dollar ($2500) note for the full amount of the principal, interest, and attorney's fees, totalling three thousand and ninety-nine dollars and twenty-five cents ($3099.25) and costs. Appeal was taken from the decree but C.F. Williams, endorser, is the only party who perfected his appeal and he now assigns errors which are as follows:
 I.
"The learned Chancellor erred in holding the defendant C.F. Williams liable as endorser on the $2500 note sued on in this cause.
 II.
"The learned Chancellor erred in holding that the $2500 note sued on in this cause, executed by E.W. Williams and endorsed by C.F. Williams was not materially altered after the same was signed by E.W. Williams and endorsed by C.F. Williams and delivered to the said J.C. Smith.
 III.
"The learned Chancellor erred in holding that the abbreviation `Admr' meaning `Administrator,' placed in said note by said J.C. Smith was not a material alteration of said note and that it was added in compliance with an agreement between the payee J.C. Smith and the appellant C.F. Williams, endorser on said note.
 IV.
"The learned Chancellor erred in holding in effect that the endorser C.F. Williams on said $2500 note was bound by the contract between the said E.W. Williams, principal on said note, and the payee, J.C. Smith."
A number of depositions were taken on behalf of the complainant and about the same number on behalf of the respondent. J.C. Smith, the payee of the note, testified to the effect that the $2500 note sued on is in the same condition except that the word "admr" was added after he received the note from the maker E.W. Williams and that it was understood at all times that the money was the money of the estate of W.P. Smith, deceased; this last element is not seriously denied by any of the defendant's witnesses and if it was so denied it would add to the liability of the parties. The testimony of the attorney, Mr. Parvin, who received the note for collection from the *Page 616 
administrator, is that there was no change made in the note after he received it for collection. The character of Mr. Smith, the administrator, is said to be good by prominent citizens of his community who certify that his oath would be taken in any court of justice.
The testimony of E.W. Williams appears in the record and he testified that he knew that the note was to be paid at his home in place of Lenoir City and if the note provided a place of payment at Lenoir City it was a mistake on the part of himself and also the maker of the note, the administrator, Mr. Smith.
C.F. Williams, indorser, states that he knew that J.C. Smith lived at Limestone and that if he had to pay the note it would be paid at Limestone and that he did not expect to pay it at Lenoir City.
C.R. Williams, the endorser, is now really the only party to the suit as he is the only one who has perfected an appeal and the only solvent one interested in this $2500 note judgment upon which has been appealed.
The testimony of these gentlemen as stated above is likewise sustained by reputable citizens of Blount County where they live.
The Chancellor in his holding in this case finds several facts in his opinion which are as follows:
That the note of $2500 sued upon in this case represents one-half of a $5,000 note which was payable to W.P. Smith, deceased, of whose estate the complainant, J.C. Smith is administrator; that at the time said $2500 note was executed, a note was prepared by attorneys for complainant in the sum of $2500, payable to J.C. Smith, Administrator, at Limestone, Tennessee, bearing interest from date; that the defendant, E.W. Williams carried this note away for the purpose of procuring the endorsement of C.F. Williams, but in some way this note was mis-placed and the note now sued upon was prepared by the defendant, E.W. Williams, and was filled in on a typewriter by him with the intention and purpose that it should carry the same terms and provisions of the first note which was prepared; that the defendant, E.W. Williams intended to make the note payable to J.C. Smith, Administrator at Limestone, Tennessee, and wrote these words appearing in the face of the note in typewriting, "J.C. Smith, Limestone, Tennessee," for that purpose, and also intended to make the note bear interest from date, and wrote the words, "interest from date," for that purpose. This note was then signed by him as maker and the defendant, C.F. Williams as endorser. That when said note came into the hands of the complainant, J.C. Smith, that it contained all the provisions now in it, with the exception of the word, "administrator," which was inserted by the complainant, J.C. Smith.
The Court further finds that the defendants, E.W. Williams and C.F. Williams, and the complainant, John C. Smith, knew that this *Page 617 
note represented funds belonging to the estate of W.P. Smith, deceased, and intended and agreed that the note should be payable to John C. Smith, Administrator, and that complainant inserted the words, "Administrator" appearing in the note after his name for the purpose of making it conform to such agreement, without any fraudulent intent or purpose.
The Court further finds and is of the opinion that the words "interest from date," appearing in typewriting and "Limestone, Tennessee," as the place of payment, in typewriting were in conflict with printed portions of the note, and that the typewritten words would prevail over the printed portion appearing in the face of the note which is in conflict with such typewritten portions."
A careful examination of the $2500 note itself does not show on its face that the typewritten part of said note which, under our law, must prevail over the printed part, has been changed in any way whatever and under our decisions the typewritten part prevails and establishes the contentions of the complainant. In case of any inconsistency between the written and printed provisions of a contract the written portions must prevail. See Fireman's Fund Insurance Co. v. Globe Nav. Co., 236 Fed. Rep., 618; 2 Elliott on Contracts, p. 805.
If it should be conceded that the words "after maturity" had been stricken out by the payee after he received the note, this possibly would have been a material change in one sense, yet this would not change or materially alter the liability of the parties inasmuch as the note contained the provision "interest from date" in typing. If the printed words "after maturity" had not been stricken out the typewritten part "interest from date" would still be in the note and prevail over the printed part "after maturity." Again, if the printed part "First National Bank of Lenoir City" had not been stricken out the note would have been payable at Lenoir City because the note was dated at Lenoir City and in the absence of a place of payment being specifically set out in the note the place of payment would be the place where the note was executed, to-wit, Lenoir City, Tennessee. The changes that are legally material must be those which effect the liability of the parties. Steele v. H.H. Galbraith, 5 Tenn. App. 498. In our opinion the two changes, even if conceded to have been made by the payee, which is denied, impose no additional burden or liability on the maker or indorser of the note and we do not believe that anyone was injured.
It is true that under our law the burden of proof is upon the holder of a negotiable instrument to show that an alteration was immaterial, that it was consented to, or made without fraudulent intention. Milsaps v. Foster, 163 Tenn. 308, 43 S.W.2d 197.
We think in the present case that the complainant has carried the burden of the proof and has shown that no material change was *Page 618 
made, but if made, that no fraudulent intent is shown. After a careful reading of the record and after considering all of the testimony that is competent and material, we are of the opinion that the Chancellor's finding of fact is correct and that the decree should be affirmed; the costs of the appeal will be paid by the appellant, C.F. Williams.
Portrum and Thompson, JJ., concur.